IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jason Wayne Childs, | ) C/A No.   2:13-1356-MGL-BHH |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) |
| Rex Dean Penland, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

Plaintiff, Jason Wayne Childs, ("Plaintiff"), is a federal prisoner in the Bureau of Prison's Federal Correctional Institution Estill ("FCI Estill") in Estill, South Carolina, who is proceeding *pro se* and *in forma pauperis*. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) D.S.C., this matter is before the undersigned United States Magistrate Judge for report and recommendation following pre-service review.

### *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Title 28 U.S.C. § 1915A(a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The *in forma pauperis* statute authorizes the District Court to dismiss a case if it is satisfied that the action is frivolous, or fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B)(I), (ii) and (iii).  As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore

a clear failure in the pleading to allege facts setting forth a claim cognizable in a federal district court. *Weller v. Dept. of Soc. Services*, 901 F.2d 387, 391 (4th Cir. 1990).

## BACKGROUND

On May 20, 2013, Plaintiff filed a three-page, handwritten document entitled "request to file civil suit," ECF No. 1, along with a "request to waive fees," ECF No. 2. The Clerk of Court docketed Plaintiff's "Request to File Civil Suit" as the Complaint in this action. Therein, Plaintiff stated that he wished to file a civil lawsuit against Defendant Rex Dean Penland, a fellow inmate in FCI Estill, whom Plaintiff claimed "has continued to verbally harass the Plaintiff and threaten bodily harm against the Plaintiff due to prior related incidents that occurred in October 2012, including sexual assault by contact and physical assault by the defendant (reported to correctional staff Oct. 22, 2012)." Complaint, ECF No. 1, p. 1. Plaintiff alleged that he had requested that Defendant stop the harassment, but Defendant refused and "is attempting to influence other inmates to bully the plaintiff," which has caused Plaintiff "emotional trauma which includes paranoia, fear, panic attacks, and restless nights." *Id.* Plaintiff alleged that he feared Defendant may use physical violence against him again. *Id.* Plaintiff "respectfully requests that the court open a civil lawsuit . . . to allow the plaintiff to present his case and to place a temporary restraining order against the defendant to protect the plaintiff from further physical and emotional trauma." *Id.*

By order dated May 24, 2013, ECF No. 8, Plaintiff was directed to bring this case into proper form for evaluation and possible authorization of service of process by: (1) either paying the full filing fee and administrative fee or submitting a properly completed and signed Application to Proceed in District Court Without Prepaying Fees and Costs; (2) submitting proposed service documents for Defendant; and (3) submitting a completed,

signed federal prisoner complaint form, briefly stating the facts of Plaintiff's claim against the Defendant in the "statement of claims" section, and the relief requested.  See Order, ECF No. 8, p. 1-3.  To preserve issues raised in this case and give liberal construction to the pleadings, the federal prisoner complaint form that Plaintiff was directed to submit was ordered to be filed as an attachment to his "request to file civil suit," and to be docketed as one document designated as the Complaint, ECF No. 1.  On June 18, 2013, Plaintiff brought the case into proper form in compliance with the Order of May 24, 2013.

In his expanded Complaint, Plaintiff alleges that he and Defendant are inmates in FCI Estill and former cell mates.  Plaintiff alleges that, on October 19, 2012, Defendant assaulted Plaintiff by repeatedly punching him in the back of the head.  Complaint, ECF No. 1-2, p. 3.  Plaintiff alleges that, on October 21, 2012, Defendant "grabbed [Plaintiff's] butt in a sexual manner and tried to hug [Plaintiff.]"  *Id.*  Plaintiff alleges that, on October 22, 2012, Defendant "again attempted to sexually assault [Plaintiff] and attempted to pull [Plaintiff's] pants down while [Plaintiff] was lying on [Plaintiff's] bunk."  *Id.*  Plaintiff alleges that, after he attempted to kick Defendant, Defendant "finally stopped," but "for the next 2 hrs. he attempted to get [Plaintiff] to stand by the door with [Plaintiff's] back turned to him with [Plaintiff's] pants pulled down so he could masturbate."  *Id.*  Plaintiff alleges that he refused Defendant's requests, and Defendant "kept talking about how he could just stab [Plaintiff], beat [Plaintiff], every day until [Plaintiff] got the message that he was [Plaintiff's] master and if [Plaintiff] didn't start obeying him he would make [Plaintiff's] life a living hell."  *Id.*  Plaintiff alleges that, on October 23, 2012, Plaintiff "reported the acts to psychology staff and went into protective custody."  *Id.*  Plaintiff alleges that, on November 5, 2012, after both Plaintiff and Defendant were released from special housing, Defendant "kept

approaching me on the compound and demanding that [Plaintiff] repay him for everything that he had lost (i.e. parts to fix his radios, his cell) and if [Plaintiff] didn't 'he would run me off the yard after he beat my ass.'" Complaint, ECF No. 1-2, p. 3-4.  Plaintiff alleges that he reported Defendant's statements to a staff member and "[D]efendant was once again placed in special housing for unrelated conduct."  Complaint, ECF No. 1-2, p. 4.  Plaintiff alleges that Defendant was released back onto the compound in May 2013 and, on the first day of his release, while Plaintiff was working in food service during the evening meal, Defendant approached Plaintiff and told Plaintiff that he needed to meet with him.  Plaintiff alleges that he told Defendant that he had nothing to say to him and to leave Plaintiff alone.  Plaintiff alleges that "to this day [Plaintiff] is in constant fear that he will attempt to attack [Plaintiff] while on the compound," and, when Defendant is near, Plaintiff 'ha[s] to constantly watch over [Plaintff's] shoulder to ensure that he is not attempting to harm [Plaintiff]." *Id.* Plaintiff asks "for the court to award the Plaintiff with compensation for the physical and mental effects that the Defendant has caused the Plaintiff since October 2012," and "prays that the Court will order the Defendant to pay all legal fees associated with this case." Complaint, ECF No. 1-2, p. 5.

In addition to his Complaint, on June 18, 2013, Plaintiff also filed a "Request for Restraining Order."  ECF No. 11.  Plaintiff asks that a restraining order be issued against Defendant, "due to the continuing threats and harassment towards the Plaintiff."  *Id.* Plaintiff alleges that he "fears that once the complaint is served on the Defendant he may excelate [sic] and use physical violence on the Plaintiff which would cause further emotional trauma and force the Plaintiff to lose earned good conduct time while serving a sentence in federal prison even if Plaintiff does not fight back."  *Id.*  Plaintiff alleges that, since

4

November 2, 2012, Defendant "has repeatedly harassed the Plaintiff, demanding money, threatening to beat the Plaintiff, and also using other inmates to attempt to get information to and from [Plaintiff]. Such actions have been reported to correctional staff, but the acts keep continuing." *Id.* Plaintiff requests the issuance of the restraining order "to protect the Plaintiff from further undue harm and threats." *Id.*

## DISCUSSION

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. V. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *Lehigh Mining & Mfg. Co. V. Kelly*, 160 U.S. 337 (1895). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."). "[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Davis v. Pak*, 856 F.2d 648, 650 (4th Cir. 1988) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936)). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[.]" If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley, Inc.*, 191 F.3d at 399 (citing 2 *Moore's Federal Practice* § 8.03[3] (3d

5

ed. 1997)). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id.*

It is clear that the essential allegations contained in Plaintiff's Complaint are insufficient to show that this case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. That is, the Complaint does not state a claim cognizable under this Court's federal question jurisdiction. Plaintiff's claims for monetary damages and injunctive relief against Defendant, based on Defendant's alleged assaults and threats, are essentially grounded in state tort law. As such, Plaintiff has an adequate remedy under state law for these claims. Plaintiff's Complaint contains no reference to any alleged violation of a federal statute or constitutional provision by Defendant, nor is any type of federal question jurisdiction otherwise evident from the face of the Complaint.[1]

---

[1] Plaintiff's Complaint also fails to allege sufficient facts to show that this court has jurisdiction based on "diversity of citizenship" under 28 U.S.C. § 1332. The diversity statute, § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between –  (1) citizens of different States[.]

28 U.S.C. § 1332. Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 554-55 (2005); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 & nn. 13-16. There is no apparent § 1332 jurisdiction in this case because Plaintiff and Defendant are both inmates in FCI Estill in Estill, South Carolina, and because Plaintiff does not allege the existence of the required minimum amount in controversy.

Even if Plaintiff's Complaint is liberally construed as an attempt to file a claim pursuant to 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Complaint fails to state a cognizable claim.  In *Bivens*, the United States Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights.  A *Bivens* claim brought against a federal official for violation of a plaintiff's constitutional rights is analogous to a claim brought under 42 U.S.C. § 1983 against a state official in his or her personal capacity for violation of a plaintiff's constitutional rights while the defendant was acting under color of state law.  Case law involving § 1983 claims is applicable in *Bivens* actions and vice versa.  *See Farmer v. Brennan*, 511 U.S. 825, 839 (1994); *see also Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985); *Winfield v. Bass*, 106 F.3d 525, 529 (4th Cir. 1997)).  *Bivens* claims against federal officials address violations of constitutional rights by individuals acting under color of federal law.  Under *Bivens*, "[A] plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009).

Generally, the basic elements of a *Bivens* action are: (1) the plaintiff has a constitutionally protected right under the Fourth, Fifth, or Eighth Amendments; (2) the defendant, a federal official, violated that right; (3) the plaintiff lacks a statutory cause of action, or an available statutory cause of action does not provide monetary compensation against the defendant; (4) no "special factors" suggest that the court should decline to

7

provide the judicial cause of action and remedy; and (5) no appropriate immunity can be raised by the defendant.[2]

In the context of a *Bivens* action, as in a § 1983 action, purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable. *See Correctional Services Corporation v. Malesko*, 534 U.S. 61, 75 (2001); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1983); *Holly v. Scott*, 434 F.3d 287, 292 (4th Cir. 2006) ("Application of *Bivens* to private individuals simply does not find legislative sanction. Under such circumstances, the danger of federal courts failing 'to respect the limits of their own power' increases exponentially.") (citing *Lugar*, 457 U.S. at 936-37)). Plaintiff's Complaint makes no allegation that Defendant Penland, who is a fellow inmate of Plaintiff's in FCI Estill, acted under color of state or federal law. Therefore, under 28 U.S.C. § 1915(e)(2)(B)(ii), Plaintiff's Complaint fails to state a claim on which relief can be granted by this Court.

Plaintiff's Motion for Temporary Restraining Order, ECF No. 11, should be denied because Plaintiff fails to satisfy the criteria required for issuance of a temporary restraining order. The standard for granting a request for a temporary restraining order and entering a preliminary injunction are identical. *See, e.g., Commonwealth of Virginia v. Kelly*, 29 F.3d 145, 147 (4th Cir. 1994) (applying preliminary injunction standard to a request for temporary restraining order). In order for such injunctive relief to be granted, the movant must establish that "he is likely to succeed on the merits, that he is likely to suffer

---

[2] *See Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471 (1994); *Schweiker v. Chilicky*, 487 U.S. 412 (1988); *Bush v. Lucas*, 462 U.S. 367 (1983); *Carlson v. Green*, 446 U.S. 14 (1980); *Davis v. Passman*, 442 U.S. 228 (1979).

irreparable harm in the absence of preliminary relief, that the balance of the equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 209 (2008). All four requirements must be satisfied. *Real Truth About Obama, Inc., v. Federal Election Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, 130 S. Ct. 2371 (2010), reinstated in relevant part on remand, 607 F.3d 355 (4th Cir. 2010).

The *Winter* standard requires the district court to find that the party seeking the injunction has made a "clear showing" that he is likely to succeed on the merits. *Winter*, 555 U.S. at 22. This standard compels the moving party to show that he is likely to prevail. Regardless of the balance of hardships, it is insufficient for the party to show only that "grave or serious questions are presented" in the litigation. Compare *Real Truth About Obama v. FEC*, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, 558 U.S. __, 130 S. Ct. 2371 (2010), with *Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co.*, 550 F.2d 189, 196 (4th Cir. 1977).

An analysis of the *Winter* factors reveals that Plaintiff's Motion for Temporary Restraining Order should be denied. Plaintiff clearly cannot show that he is likely to succeed on the merits of his Complaint, because the undersigned is recommending herein that Plaintiff's Complaint be summarily dismissed for failure to state a claim. As set forth above, Plaintiff has not stated a claim pursuant to 42 U.S.C. § 1983, and there is no diversity between the parties. Because Plaintiff cannot establish all four *Winter* factors, his Motion for Temporary Restraining Order, ECF No. 11, should be denied.

## RECOMMENDATION

For the foregoing reasons, Plaintiff's Complaint should be summarily dismissed, without prejudice and without issuance and service of process, and Plaintiff's Motion for Temporary Restraining Order, ECF No. 11, should be denied. Plaintiff's attention is directed to the important notice on the next page.


June 28, 2013                                              s/Bruce Howe Hendricks
Charleston, South Carolina                                 United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk of Court**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).